## No. 3289.

### WILLIAM DREW v. ATTAKAPAS MAIL TRANSPORTATION COMPANY AND TUPPER.

The plaintiff having alleged that he was the owner of the boat for injury to which he claims damages, it was not competent for him to prove that he was not the owner, but only the charterer, and interested in another and very different capacity from that of owner.

APPEAL from the Fourth District Court, parish of Orleans. *Théard, J. William Grant,* for plaintiff and appellee. *Breaux & Fenner,* for defendants and appellants.

TALIAFERRO, J. This suit was brought to recover $748 damages suffered by the plaintiff, as he alleges, from a collision between the steamers Warren Bell and Mary Gray in the Bayou Teche, on the fourteenth of June, 1869, by which the Mary Gray was sunk. The plaintiff charges that this collision was caused by the gross carelessness of the master and officers of the Warren Bell.

The answer is a general denial.

The plaintiff had judgment and the defendant has appealed.

A bill of exceptions was taken on the part of the defendant to the admission of evidence to prove that, at the time of the accident, the plaintiff was in possession of the Mary Gray as charterer, on the ground that there being no allegation of possession on his part other than as owner, proof of possession as charterer could not be admitted for want of proper and sufficient averments to admit such testimony; the allegations of the plaintiff in his petition being that he was owner, he could not contradict them. We think the objection to the admission of the testimony should have been sustained. Having alleged that he was the owner of the boat, it was not competent for him to prove that he was not the owner, but only the charterer, and interested in another and very different capacity from that of owner. There being then no evidence of interest to enable the plaintiff to prosecute a suit for damages, the plaintiff fails in his case.

It is therefore ordered that the judgment of the court *a qua* be annulled, and that this suit be dismissed as of nonsuit.